**RECEIVED**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

JUN 2 6 2018

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| RICHARD KASSL, on behalf of himself and a class of similarly situated others, Plaintiffs, vs. BNSF, and RAIL TERMINAL SERVICES Defendants. | **1:18-cv-04423** **Judge Ruben Castillo** **Magistrate Judge Jeffrey T. Gilbert** |

## COMPLAINT FOR DAMAGES FOR VIOLATIONS OF THE AMERICANS WITH DISABILTIES ACT AS AMENDED, 42 U.S.C. §12101 *ET SEQ.*

Plaintiffs, Richard Kassl, and a class of similarly situated others, bring this Complaint against the BNSF. and Rail Terminal Services Co. for violations of the Americans with Disabilities Act, and in support thereof state as follows:

### INTRODUCTION

1.      Plaintiff worked for Rail Terminal Services Co., a contractor for BNSF. Plaintiff suffered from a heart condition called atrial fibrillation that caused him to lose his breath which required the installation of a pacemaker. Plaintiff was fully capable of working and did so successfully for seven months after his operation. In October of 2010, Plaintiff received a WARN Act letter, and was discharged in January of 2011. On information and belief, the individuals who lost their positions as a result of this set of layoffs were all or disproportionately people who had disabilities or had a record of disabilities. Although he never filed a charge of discrimination with the United States Equal Employment Opportunity Commission, on March 29, 2018, the EEOC sent Plaintiff a Notice of Right to Sue, based upon an investigation filed by one of EEOC's commissioners. Plaintiff files this class action lawsuit *pro se*, while he works with attorneys who are reviewing the EEOC file to determine whether and how to pursue a class action case.

1

## THE PARTIES

2.      Plaintiff, Richard Kassl (hereinafter "Plaintiff" or "Kassl"), was, at all times relevant to this complaint, an employee within the meaning of the Americans with Disabilities Act, 42 U.S.C. §12111(4).

3.      Defendant Burlington Northern Santa Fe Railway Co. (hereinafter "BNSF") was, at all times relevant to this complaint an employer within the meaning of the Americans with Disabilities Act, 42 U.S.C. §12111(5).

4.      Defendant Rail Terminal Services. (hereinafter "RTS") was, at all times relevant to this complaint an employer within the meaning of the Americans with Disabilities Act, 42 U.S.C. §12111(5).

## JURISDICTION AND VENUE

5.      Plaintiff received a Notice of Right to Sue on the claims made herein sometime after it was sent by the United States Equal Employment Opportunity Commission on March 29, 2018. This Court has jurisdiction over Plaintiffs' claims against the Defendants pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §§1331 and 1337.

6.      Venue is proper in this District as acts giving rise to this cause of action took place in this District and Defendant regularly conducts business in this District.

## FACTS

1.      Plaintiff began working for RTS in or about June of 1993 as a spotter equipment operator.

2.      As such Plaintiff worked on BNSF property.

2

3.      Plaintiff was still in that same position until his termination in January of 2011.

4.      In the summer of 2010 Plaintiff was diagnosed with atrial fibrillation ("AFIB").

5.      This condition caused Plaintiff's heart to race and created a shortness of breath.

6.      Plaintiff was admitted to the hospital and underwent surgery to install a pace maker and defibrillator.

7.      Plaintiff was in the hospital for a week, home recovering for a week and then returned to work.

8.      Plaintiff was fully capable of working without further accommodation.

9.      In October of 2010, Plaintiff received a notice pursuant to the WARN Act stating that a plant would be closing.

10.      No plant was closed, but numerous people were laid off, including Plaintiff.

11.      Plaintiff never filed a charge of discrimination with the EEOC, but did receive a Notice of Right to Sue sometime after it was sent on March 29, 2018.

12.      On information and belief, the reason that the EEOC sent Plaintiff a Notice of Right to Sue was because it investigated a class of individuals who were terminated because they suffered from disabilities.

13.      Plaintiff seeks to represent a class of individuals which would include all people with disabilities terminated by BNSF and RTS since October of 2018.

3

14.     Plaintiff is currently seeking counsel to handle his case and the class action and has at least one firm currently reviewing the EEOC file which was received by that firm only days ago.

## COUNT I

### PLAINTIFF'S CLAIM FOR RELIEF FOR VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT, 42 U.S.C. §12101 ET SEQ.

15.     Plaintiffs restate and re-allege paragraphs 1 through 14 as paragraph 15 of this Count I.

16.     By virtue of the foregoing, Defendants violated the Americans with Disabilities Act.

17.     As a result of that violation, Plaintiff suffered damages of a pecuniary and non-pecuniary nature.

18.     Defendants engaged in willful disregard of Plaintiff's rights warranting the imposition of punitive damages.

WHEREFORE, Plaintiff requests the following relief:

a)     Enter judgment in Plaintiff's favor and against Defendant for lost wages, salary, employment benefits, and other compensation, as well as interest on these lost pecuniary amounts in the form of back and front pay;

b)     Enter judgment in Plaintiff's favor compensatory and punitive damages to be determined at trial.

c)     An award to Plaintiff counsel to be determined of reasonable attorney's fees and costs; and

4

d)      An award of such other and further relief as this Court deems just and equitable.

## COUNT II

## CLASS CLAIM FOR VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT
## 42 U.S.C §12101, *ET SEQ*

19.      Plaintiffs restate and re-allege paragraphs 1 through 14 as paragraph 19 of this Count II.

20.      By virtue of the foregoing, Defendants violated the Americans with Disabilities Act as to a class of individuals defined as "All individuals terminated by Defendants since October of 2010 who suffered from disabilities as defined by the Americans with Disabilities Act as Amended," or some subset thereof.

21.      As a result of these violations, members of the class suffered damages of both a pecuniary and non-pecuniary nature.

22.      Defendants' violations were willful warranting the imposition of punitive damages.

WHEREFORE, Plaintiffs request the following relief:

a)      Certification of a class of Plaintiffs defined as "All individuals terminated by Defendants since October of 2010 who suffered from disabilities as defined by the Americans with Disabilities Act as Amended," or some subset thereof as may be appropriate.

b)      Enter judgment in the Class' favor and against Defendants for lost wages, salary, employment benefits, and other compensation, as well as interest on these lost pecuniary amounts in the form of back and front pay;

c)      Enter judgment in the Class' favor and against Defendants for compensatory and punitive damages to be determined at trial;

d)      An award to Class counsel to be determined of reasonable attorney's fees and costs; and

e)      An award of such other and further relief as this Court deems just and equitable.


**PLAINTIFFS REQUEST A TRIAL BY JURY**


Respectfully submitted,

6-26-18


Richard Kassl
8111 Oriole Dr.
Darien, Illinois 60561
630/740-5031
Richardkassl1@gmail.com